# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| CHARLES K. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action Nos. 1:16-03765 |
| ) | |
| v. ) | |
| ) | |
| STATE OF WEST VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 2), filed on April 20, 2016; and (2) Plaintiff's Motion for Injunctive Relief (Document No. 14), filed on January 5, 2017. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Motion to Proceed Without Prepayment of Fees and Motion for Injunctive Relief be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On April 20, 2016, Plaintiff, acting *pro se* and in confinement at McDowell County Correctional Center in Welch, West Virginia, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names the State of West Virginia as the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Defendant. (Id.) Plaintiff appears to be challenging the validity of his conviction in State court proceedings. (Id.) Specifically, Plaintiff alleges as follows:

> I filed a petition for re-hearing due to malicious prosecution. The Former State's attorney James W. Courrier Jr. spoke to my aunt and uncle about my case. Mr Courrier asked my aunt and my uncle why did I plead guilty. Mr. Courrier told my aunt and uncle that he had no evidence against me.

(Id., pp. 4 and 8.) As relief, Plaintiff requests that the Court "order the State of West Virginia to pay [him] the sum of seven million dollars." (Id., pp. 5 and 9.) As Exhibits, Plaintiff attaches the following: (1) A copy of his "Petition for Rehearing" and "Statement of Claim" as filed in the Circuit Court of Mineral County, West Virginia, in Case No. 08-F-48 (Id., pp. 10 - 12.); and (2) The Affidavit of Jean Decker dated March 28, 2016 (Id., p. 13.).[2]

On January 5, 2017, Plaintiff filed a "Motion for Injunctive Relief." (Document No. 14.) Specifically, Plaintiff states as follows: "On this day came the Plaintiff, Charles K. Hamilton by Pro Se, and moves this Honorable Court for an Injunctive Relief, based on the proposed finds of fact." (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827,

---

[2] Plaintiff initiated a similar action in this Court in Civil Action No. 1:16-10562, wherein he

1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.  **Improper Parties:**

Plaintiff names the State of West Virginia as a Defendant. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept.

---

names Mineral County, West Virginia as the Defendant.

of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment). Accordingly, the undersigned finds that the State of West Virginia is not a "person" as required by Section 1983.

**2.     Heck:**

Plaintiff appears to allege that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Mineral County. Specifically, Plaintiff challenges the validity of his conviction in Case No. 08-F-48 based upon allegations of prosecutorial misconduct and insufficient evidence to support the conviction. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during criminal proceedings in the Circuit Court of Mineral County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging

unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in *habeas* proceedings. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

### 3.     **Prosecutorial Immunity:**

To the extent Plaintiff is asserting a claim against Prosecutor Courrier, the undersigned finds such a claim to be without merit. Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting Imbler, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2)

presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at 2615(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

    Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), cert. denied, 562 U.S. 829, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991(citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful

introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" Dababnah, 208 F.3d at 471(quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imber, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273, 113 S.Ct. at 2615(citing Burns, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861. The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and

> interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616(internal citations omitted). Thus, a prosecutor does not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

In the instant case, Plaintiff alleges that Prosecutor Courrier initiated criminal proceedings and negotiated a plea agreement with Plaintiff even though Prosecutor Courrier was aware there was insufficient evidence to convict Plaintiff. As stated above, prosecutors are entitled to absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430, 96 S.Ct. at 995. It is well established that prosecutors are absolute immunity for initiating a prosecution. See Id. Thus, Prosecutor Courrier is entitled to absolute immunity for initiating criminal proceedings against Plaintiff. Next, the Court further finds that Prosecutor Courrier's involvement with the plea agreement was conduct intimately associated with the judicial phase of the criminal process. See Taylor v. Kavanagh, 640 F.2d 450, 453 (2nd Cir. 1981)("prosecutor's activities in the plea bargaining context merit the protection of absolute immunity"); Laureano v. Jones, 2011 WL 5282601, * 2 (D.S.C. Nov. 2, 2011)(finding prosecutor was entitled to absolute immunity concerning plaintiff's allegations that the prosecutor engaged in misconduct and conspired to coerce plaintiff to enter a guilty plea), aff'd, 467 Fed.Appx. 233 (4th Cir. 2012); Powell v. United States, 2012

WL 5395814, * 2 (E.D.N.C. Nov. 5, 2012)(finding prosecutor was entitled to absolute immunity concerning plaintiff's claim that the prosecutor breached his plea agreement and "concealed facts which led [him] to enter his plea of guilty under the mistaken impression of a material fact"); Story v. Kopko, 2010 WL 430831, *3 (D.S.C. Feb. 5, 2010)(finding prosecutor was entitled to prosecutorial immunity concerning plaintiff's claim that the prosecutor breached his plea agreement); Short v. Doe, 2007 WL 4993308, *4 (D.Md. June 25, 2007)("the alleged conduct, breach of a plea agreement, is 'intimately associated with the judicial phase of the criminal process" and the named prosecutors are thus entitled to absolute prosecutorial immunity."). To the extent Plaintiff is asserting a claim against Prosecutor Courrier, undersigned recommends that Plaintiff's claim be dismissed as Prosecutor Courrier is entitled to absolute immune from suit under Section 1983.

**4.    *Rooker-Feldman* Doctrine:**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in

state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court of Mineral County. Specifically, Plaintiff appears to be challenging the Mineral County Circuit Court's decision denying Plaintiff's "Petition for Rehearing" as filed in Case No. 08-F-48. (Document No. 1, pp. 4, 10 - 13.) Thus, Plaintiff is clearly requesting that this Court review the decision of the Circuit Court of Mineral County. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State Court decision to this Court.

5. **Motion for Injunctive Relief:**

In his Motion for Injunctive Relief, Plaintiff merely requests that the grant "injunctive relief based on the proposed findings of facts." (Document No. 14.) Plaintiff fails to set forth any facts in support of his request for injunctive relief. (Id.) For the reasons set forth above, the undersigned has recommended that Plaintiff's Complaint be dismissed. Accordingly, the undersigned finds that Plaintiff's request for injunctive relief should be denied as he cannot establish that he is likely to succeed on the merits.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 2), **DENY** Plaintiff's Motion for Injunctive Relief (Document No. 14), **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 29, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge