```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**CHARLES K. HAMILTON,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:16-03765**

**STATE OF WEST VIRGINIA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on March 29, 2017.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees, deny plaintiff's motion for injunctive relief, dismiss plaintiff's complaint, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363

(4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff filed objections to the Proposed Findings and Recommendation on April 13, 2017.  Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Background

On April 20, 2016, plaintiff filed the instant complaint, pursuant to 42 U.S.C. § 1983, against the State of West Virginia.  Specifically, Hamilton alleges that he was subjected to malicious prosecution in the Circuit Court of Mineral County because the former state's attorney questioned plaintiff's decision to plead guilty and told plaintiff's aunt and uncle "that he had no evidence against [Hamilton]."  ECF No. 1 at pp. 4 and 8.

Magistrate Judge Aboulhosn recommended dismissal of plaintiff's complaint for several reasons.  First, he noted that plaintiff's complaint was directed toward an improper defendant because § 1983 claims must be directed at a "person."  Second,

Magistrate Judge Aboulhosn noted that plaintiff's § 1983 claim is not cognizable pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because his criminal conviction has not been invalidated. Magistrate Judge Aboulhosn also recommended that Hamilton's claims be dismissed on the basis of prosecutorial immunity. Finally, he noted that the Rooker-Feldman doctrine precludes Hamilton's indirect attempt to a appeal a state court decision to this court.

Rather than address these obstacles to suit, Hamilton's objections read: "The reason the Plaintiff pursued the issue at hand is because a Judge told the Plaintiff there is no excuse for the ignorance of the law, so the Plaintiff questions the Court what is the excuse for malicious prosecution." ECF No. 16. Hamilton's objections do not direct the court to a specific error in the magistrate's proposed findings and recommendations and, therefore, they are without merit.

### III. Conclusion

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objections and **CONFIRMS** and **ACCEPTS** the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DENIES** plaintiff's application to proceed without prepayment of fees; **DENIES** plaintiff's motion for injunctive relief, **DISMISSES** plaintiff's

complaint, and **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 31st day of July, 2017.

                        ENTER:

                        David A. Faber
                        Senior United States District Judge